et al. Oral argument, 15 minutes per side. Mr. Williams, for the petitioner. Hey, John. How would you like to be the next? Good morning. May it please the Court,  Mr. Williams, for the petitioner. I'm John Williams. I'm the attorney for the petitioner. We're here on a review of a decision of the Federal Mine Safety and Health Review Commission administrative law judge decision that was issued regarding citations that were issued by the Mine Safety and Health Administration that I will call MSHA. And I hope that my eastern Kentucky accent does not keep you from understanding me. But we call it MSHA. So we have three citations at issue here. The administrative law judge erred in the decision that he issued, we believe, on all three of them. Counsel, could you stop for just a moment? Yes, ma'am. I don't know whether you're keeping track of time, but I know that the lights are not on here. Thank you. I'm sorry. Oh, and I forgot, Your Honor, I did reserve two minutes for rebuttal. We had three citations that were issued under the Mine Safety and Health Act over a truck accident which occurred on a surface mine that was operated by my client, Rex Cole. This accident involved a truck that was driving downhill. The truck flipped over and the driver of the truck was unfortunately killed in the accident. The first error regards the citation ending in 5953, which was issued for failure to maintain full control of the truck. We concede that that regulation was violated. You mean that it was violated because the driver drove it out of gear? Yes, sir, out of control. The theory is that the theory in order to allow the particular penalty was that the lack of control was in not having adequate brakes. Is that correct? As far as the negligence that was assigned to it. The negligence was a necessary part of the amount of the citation, right? The citation could have been issued with no negligence, and that's where we believe that the ALJ erred. If it doesn't matter whether there's negligence, then what's the error? Under the penalty structure, the penalty assessed is raised or lowered according to the operator's level of negligence. We believe here that the citation should have been upheld instead of at a moderate negligence level, at a no negligence level. In other words, you're saying the operator was not negligent at all? Yes, sir. The only person who was negligent was the driver, and you're not responsible for negligence of the driver is what you're saying. As a rank-and-file minor under the law, you cannot impute the negligence of a rank-and-file minor. I'm sorry, Judge Kessler. It's a little misleading to us, although technically correct for you to say we concede there's a violation. You concede there's a violation, but the violation you concede is not one that the negligence extends to the company for. Yes, sir. For that purpose, the argument is that the negligence is in having a vehicle that is not under control because the brakes weren't adequate. That's the rationale, right? That's what we have to talk about here in terms of that citation is the negligence in not having the brakes be adequate. Is that correct? We don't believe that the vehicle lost control because of the brakes. The evidence was undisputed that driving the truck out of gear would have taken the truck out of control. You're saying had he had it in first gear, you have engine braking, then the truck would have been in control. Isn't it true that there would be two means to keep the truck in control as it's at the top of this hill? One is that, the engine braking. I always use a manual transmission. My dad would always tell me, use the brakes to brake the vehicle. Don't engine brake. There are two different ways to do it. Another way to do it would be to use the brakes to brake the truck. Maybe you need to use both. The negligence was taking away one of those options. Why isn't that negligence? We believe that the driver of the truck had the vehicle out of control before there was ever an issue with braking on the truck. The truck was out of control when he came down the hill because of speed. Had the brakes been above 20% for some of the brakes and one of them was non-functional, maybe it wouldn't have been out of control by then. Surely the decedent was trying to apply brakes when this was happening. Honestly, there was no way to tell. Anybody would, right? On that citation, that's our argument. If I may move to the next citation, which is the one ending in 5954, which was the finding regarding the truck not having adequate brakes. Just to tie these together to see these two in perspective, the second one is about whether there's adequate brakes. The first one, you only lose if there are not adequate brakes, is that correct? What they're even talking about is that it's out of control because not adequate brakes. Now you're going to the second one and again you're talking about adequate brakes. Yes, under the regulation that vehicles are to have adequate brakes. The testimony from the expert witness for the government was that had the truck been driven the way it was supposed to be driven in gear, that the brakes would have been sufficient to have kept the truck under control. What's the difference between the first citation and this one? The first citation, we believe, centers solely around the operation of the truck by the driver. The second citation, and this is where there are different regulations. But if you lose on the first one, pardon me for interrupting, it doesn't have anything to do with the driver. The theory of the second one that Judge Kethledge articulated is that there's this negligence from the adequacy of the brakes. It's really part of the same thing, right? In the way the ALJ ruled, we agree that that's correct, but we disagree that that's how it should be analyzed. We're getting a $52,500 penalty for each of these citations, and we're getting penalized twice essentially for the same thing. That's the question I wanted to ask, and I think it was underlined. That was the question I was asking. Yes, ma'am. I'm sorry. What's the difference between these two? I'm sorry, ma'am. What's the difference between the first citation and the second one if both of them are dependent upon the brakes? In the judge's analysis, there's no difference. We believe the difference is that the driver of the truck in the first analysis, that the violation was the driver driving the truck in neutral downhill. There was a violation when he went downhill in that truck in neutral, regardless of whether or not there was an accident. He did not have full control of the vehicle when he went downhill in neutral. Testimony was consistent by all witnesses that no one would do that. Could I ask a question? Yes, sir. Are you making any kind of, because I think once we look at the third violation, it's going to also be based on the idea that the brakes are inadequate and fail if you don't find the brakes are inadequate. Are you making an argument, I wonder if you're making an argument, that there's an abuse of discretion of some sort here for citing you three times for the same thing, or you don't make that argument? I don't take it as abuse of discretion. I'm not talking about the scope of review. I'm talking about the nature of the argument. Are you making an argument that it was improper to cite the same activity just under three regulations, where the actual violation is exactly the same in each one of those? Because that's what it seems like to me. No, sir. I'm not making that argument. Those are distinct violations under the minor. So even if the distinct violations are based on the identical negligence, that there's no problem with having you pay three times? Well, we believe that, and that's not an issue that we brought before this court about the amount of the penalty. It should have gone to the amount of the penalty. I'm sorry. But the issue on the second citation is regarding what are adequate brakes. Now, the commission does not have a lot of guidance for us on defining that. There are two different ALJ opinions. Well, it's kind of a vague term, I suppose, right? Yes, sir. But doesn't that hurt you here? I mean, don't we then defer under our, I guess, to the agency's interpretation of its own reg? Well, we believe that the better approach is the one taken by Judge Feldman when he reviewed an ALJ, when he reviewed almost identical case, identical witnesses, almost the same facts and said, I've got you, sir. You're saying Judge Feldman had the better interpretation, correct? Yes, sir. But my question is, before we get to which interpretation is better, aren't we obligated with respect to a vague term like the word adequate here to defer to any reasonable interpretation that the agency offers? If it is a reasonable interpretation, yes, sir. And here, tell me if I'm misunderstanding the gist of the dispute, but you say adequate brakes are brakes that will stop the vehicle when the truck is in gear. And I think they're saying adequate brakes are brakes that on their own can stop the truck because it might be foreseeable that a driver doesn't put it, even though they're supposed to. Sometimes it's foreseeable that people do things they're not supposed to do, and it's foreseeable you might not put it in gear. Number one, or it's foreseeable maybe the truck slips out of gear. So they're saying adequate has to deal with those situations, not just sort of the ideal scenario. Is that a reasonable interpretation? Under the facts of this case, we don't believe it is a reasonable interpretation. The evidence here was that no one had known anyone on this job to have done this. Okay, but somehow this vehicle is going down the hill not in gear, whether by not putting it in gear or it slips out of gear, and they're saying for brakes to be adequate. And these brakes, I mean, we all have to admit, I mean, they're woefully below their power, right? They needed servicing, yes, sir. So they're saying adequate brakes are brakes that could deal with this contingency and save this man's life. Why isn't that a reasonable interpretation of the word adequate? The man lives. We believe that the ALJ offered us no definition of what he was using for adequate. We believe that adequate means under the normal operating conditions of the truck, not under every circumstance that one could imagine, but adequate means for the normal operation. Brakes have to apply when something unusual happens. You don't only want the brakes to work when you ease up to a stop sign. You want the brakes to work in an emergency, where you have a heart attack or something like that. You want the brakes to work in all those situations. They're really just under ordinary meaning of words. You wouldn't say brakes are adequate only when they're used by a perfectly healthy, alert, compliant driver, would you? Your Honor, we believe that the commission has historically looked at violations in terms of the normal operating conditions of the line. Why isn't it? Well, okay. And if I may, I'm running short on time. Normal means just ordinary use, no emergencies. Yes, sir. So the brakes don't have to work in an emergency. To be adequate. Okay. Moving to the last violation, and I only have a short amount of time, this involves a preoperational examination. The evidence was undisputed that we followed the standard of the industry in the examination. We did the examination the way the inspector would have wanted us to do it, the way he would have done it, the way he's always seen it done. The judge found that we were moderately negligent. There are two errors we believe here. One, that this was an adequate examination based upon the undisputed evidence, and second, that even if it is a violation, it should be modified to no negligence because we met all the applicable standards of the industry. And I see that my time is up unless the panel has some additional questions. I think we do not. Thank you. Thank you. May it please the Court, my name is Jin Chong, and I represent the Secretary of Labor. This morning I'd like to make three points in helping for the Court to decide this issue. First, the Court should affirm the ALJ's finding that Rex Cole's truck brakes were inadequate because they are insufficient for the requirements of the mine. Second, the Court should affirm the ALJ's finding that Rex Cole failed to report and record the safety defects that were on the truck and that Rex Cole should have known that they were failing to do so. Say that again, I didn't quite get that. The second point, Your Honor, is that the Court should affirm the ALJ's finding that Rex Cole failed to record the safety defects that were on the truck. The defects that were on the truck? Yes, and so this goes to the preoperational examination. Third, the Court should affirm the ALJ's finding that Rex Cole should have known that Mosley would not have full control over the truck while it went down the incline. And that's based on the inadequate brakes as well, right? That's part of it, Your Honor. You say it's part of it, but you really couldn't justify it based on the other. It has to be based on the inadequate brakes, is that right? No, Your Honor. Because the negligence in driving it without being in gear isn't attributable to the respondent, is that correct or not? Or is it attributable to the respondent? It is attributable to the respondent. It is? Well, I thought you conceded the contrary in your briefs, but maybe not. Go ahead. Okay. Could you explain that? So if they're out of control by virtue of not being in gear, that that's the basis for the $51,000 penalty in this case? Your Honor, are we discussing the out-of-control regulation? Yes. Yes. And so it is our argument that Rex Cole should have known that the victim would not have full control over the truck. Because of the brakes or because he might be driving out of gear? The ALJ found that there were two reasons that it was driving out of in neutral and because the foreman had failed to meet their responsibilities of maintaining the trucks. But why? I'm confused about Rex Cole's responsibility for the way the driver operated the truck when that was not the way the truck was to have been operated. So any stupid thing the driver does, you are saying, is attributable to Rex Cole? No, Your Honor. We are focusing on the fact that the foreman failed to maintain the trucks as they were responsible to do so. So you're talking about the brakes. You're not talking about driving it in neutral. Yes. Okay. Can I ask you about the inspection citation, if I'm not interrupting? No, please. It says, Mobile loading and haulage equipment shall be inspected by a competent person before such equipment is placed in operation. And so in the inspection that the agency says was inadequate, I don't mean to use that word again here, is the inspection by the driver himself before he drives the vehicle. And you can have a lot of different kinds of inspections. You could have some annual inspection by a mechanic where he actually disassembles things, examines them, makes sure they're okay. That would be a different inspection than the inspection by the driver each day when he's going to drive it. Fair? And so it seems like the word inspect we have to read in context. And here we have to read it in the context of the driver having a limited amount of time, limited ability to take things apart and so on, limited ability to test certain things on the truck. And I guess the question I have for you is this push stroke test, which is really we're measuring pushrod stroke, which would have revealed the brake defect. I haven't seen anything else that would really reveal the brake defect. That is something that, frankly, it seems unrealistic to expect a driver to do. And my understanding is that Misha's own regulations don't tell the drivers to measure pushrod stroke. So isn't it fair to say that the driver didn't do anything wrong, that the pre-inspection that day was not unreasonable? No, Your Honor. We respectfully disagree with that because the mine that the driver drove on was actually full of different situations, including the incline that was at a 22 percent grade. We believe that an adequate examination would have tested the brakes on the realistic conditions that the driver encountered at the mine. Okay, well, let's stop there. So the driver, we're talking about the driver's daily inspection, so the driver would have had to test the brakes on a 22 percent incline before he drives the vehicle? Yes, Your Honor. But, you know, that puts him in the very hazard that he's trying to avoid if the vehicle flunks that test. Your Honor, if the brakes had been adequate, then the truck driver would not have been in this accident or in another accident while testing the brakes. But what's the point of the test if we know the brakes are adequate? I mean, that seems awfully circular. The reason for the pre-operational examination test is to make sure that the equipment is in a safe condition in order to protect the miners. That is the purpose of the examination. But you just said that if it was, in fact, in a safe condition, then there wouldn't have been any hazard to the miner in testing it. But he wouldn't know whether it's in a safe condition unless he tests it, and I'm just trying to figure out how those two things can be reconciled. It's unfortunate that the brakes were not in adequate condition, but, Your Honor, the whole purpose of the examination is to make sure that the truck is in a safe condition before the truck driver actually. But I understand about some of the mechanical testing, but I thought you just said that part of what the citation covers is the fact that this truck was going to be operated on a very steep grade, and so the pre-shift examination would include operating the truck on the very steep grade to make sure that the brakes were actually adequate. I can't quite get my head around the idea that that's... I took your position to be different. Your position to be that because they were inadequate, they should have had some test that would have found that, whether it's testing it on the grade or using this push-pull test or some other test, we have no clue. The mere fact that they were inadequate shows that you weren't adequately testing because an adequate test would have picked up inadequate brakes. You're not saying that you have to go out on the hill in order to test the brakes. That doesn't even make... As Judge Batchelder says, that doesn't make sense. Your Honor, that is correct, that we are not requiring a specific way of doing the examination of the brakes. You're just saying they were inadequate, a test should have found them, and just because you're quibbling about this test or that test isn't enough, that's enough evidence to show that you didn't adequately test them. Is that the idea? That seems to be what the agency ruled. That is correct. I'm sorry. Go ahead. So it's like a strict liability determination for this inspection? It's not just whether the inspection... That's what it looks like. I mean, it could be. They could have spent hours looking this thing over and potentially not found it without disassembling the brakes or something, and that still would be an inadequate inspection? Your Honor, with the Mine Act, it is true that you can cite an operator or an independent contractor for a violation of the regulation, and in a way it is like strict liability. So is it fair to summarize the government's position here to say that other than suggesting he should have driven the vehicle down a 22% grade to test the brakes, other than that means the government has not identified any specific measure in terms of inspection thing, procedure, that the driver should have done but didn't? That is correct. Can I follow up on that? Because I'm concerned about it. Your opposing counsel seems to disavow or eschew this argument, but it's what troubles me about this case. I have little difficulty with any one of the three citations, but each one of them seems to be a citation for the same negligence, the identical negligence. The first one just doesn't work except for the fact that the brakes were not adequate, because the whole point about driving in neutral isn't attributable in all its force to Rex Cole. The second one is by its terms the brakes are inadequate, and the third one is totally based merely on the fact that the brakes were inadequate. The brakes are inadequate. I'm confident that under our scope of review we're stuck with the conclusion that there was negligence in having a truck with inadequate brakes. That makes perfect sense to me, without binding myself to ruling that way in the opinion. For purposes of argument, let's say that. But I'm having trouble seeing how this isn't finding three different regulations which only apply by virtue of the very same negligence for the very same harm. One is, well, you have inoperative brakes, therefore you're out of control. You have inoperative brakes, therefore you have inoperative brakes. You have inoperative brakes, therefore you didn't adequately inspect for inoperative brakes. Isn't that... I guess that's allowed. You can just take the same action and fine you $50,000 for the same negligence, $500,000 or whatever it is, three times in a row. But it seems abusive. Why isn't it abusive? With the regulation regarding the pre-operational examination of the truck, we believe that there are... Is this the inspection? Yes. There are basically three violations. The other two had nothing to do with the death, and so therefore it wouldn't lead to $50,000. Right? That is correct. So the only part of each one of them that leads to $50,000... I mean, it's terrible. They caused the death of this person. I understand that. But this money isn't going to him. It's going to the government. Right? This is going to the government, Your Honor. The government is fining him... What is it? How much per one? $52,000. $52,000 for three violations, but it's three violations which are each not upholdable except for one particular negligence, which is having breaks, which is terrible. But it just looks like piling on to say, well, that violated this regulation, that violated the other regulation, in ways that nothing else that caused the injury... If there had been a specific test that they failed to do, then you could say they didn't do that test, and that's a different violation from having breaks that are inoperative. That would be two violations. I can see that. But when the third violation is only upholdable because of the very inoperativeness that's the basis for the second violation, which, by the way, is the only way in which you can say that they're out of control for the first violation, it just seems duplicative or triplicative. And what really bothers me about this is that it looks to me like there was a regulation, that is to say failure to properly maintain the vehicle, that they kind of admit that they violated, but you never cited them for that. Your Honor, with the third violation, actually there is testimony saying that the seatbelt defect and the windshield defects might have affected the outcome of the accident. Is there any finding to that effect? There's no ALJ finding like that, is there? I don't think so. You can show it to me. I can look, but then... But you would say that your opposing counsel has said he's not arguing this. Yes, that is correct, Your Honor. The ultimate question in this case is whether there is substantial evidence to support the ALJ's findings, and the answer is yes. Therefore, the Secretary of Labor urges the court to affirm the ALJ's decision. If Your Honors do not have any more questions, I will sit down. I think we do not. Thank you, counsel. Thank you. Thank you. I just want to touch briefly on this third citation again about the preoperational examination, and I don't want to under-emphasize the significance of the negligence finding. The negligence level directly impacts the amount of the penalty here. If this negligence was in having breaks that your test didn't find, but negligence under the Mine Act, and it's defined under the Mine Act, no negligence is where the operator exercised diligence and could not have known of the violative condition exercising diligence. What's diligence here? The inspector says... If the breaks are that bad, you've got to find some way to... I think that's what his holding was. But this was the only claim that was brought, was this third one. It would seem like a slam-dunk for the government. A little troubling that it's duplicative, but if this was the only one, you've got breaks that are this far, this unable to work, and you can't come up with some test to see whether that happens before you drive off in breaks like that? But when the evidence is undisputed that you've done it according to the standard of your industry, you've done it according to the way the government's own witnesses would suggest that you do it, and you could not have found it doing this. The inspector says he's never seen anyone do this. That's kind of a troubling argument, though, right? No, it doesn't get us out of a violation if you find that it was inadequate, but it certainly should impact the negligence level. Now, I want to back up and talk just briefly again about the first violation, the out-of-control. The government has now said in argument and in its brief that failure to maintain the breaks is our negligence on the first issue. 30 CFR 77-404 is a regulation that could be cited for operating equipment that needs maintenance. It wasn't cited. If they find a regulation that you violated, that's no defense that they could have used another regulation, is it? Well, if we didn't violate the regulation they cited us for, yes, sir, it is. But that's the issue. They say you violated it because you operated something that you didn't have control over. I see my time is up. Thank you all. We should have further questions. Thank you, counsel. The case will be submitted.